UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS E. DAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2859 SNLJ |
| | ) | |
| RICHARD LISENBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Douglas E. Dayton, formerly an inmate at Tipton Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Richard Lisenbee, Sheriff of Phelps County, and Lieutenant Matt Shults. Plaintiff states that he sues both defendants in their official and individual capacities.

Plaintiff alleges he was brought to the Phelps County Jail on December 5, 2014 and booked on a 24-hour hold pending charges. On December 6, 2014, he was charged with unlawful use of a weapon and "had a warrant read to him." He states he was not arraigned on the charges until January 28, 2015. Plaintiff states his detainment in the Phelps County Jail for 54 days prior to being arraigned violates the due process clause of the Fourteenth Amendment.

For relief, plaintiff seeks $15,000 in actual damages and $1.5 million in punitive damages.

**Discussion**

The Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487.

Here, plaintiff pled guilty to the underlying state court charges on May 7, 2015, and was sentenced to four years' incarceration in the Missouri Department of Corrections, but the state court suspended execution of the sentence ("SES") pending the outcome of a probationary

period. The state court revoked plaintiff's SES on December 5, 2016, and ordered plaintiff to complete his four-year incarceration in the MDOC. *See State v. Dayton*, No. 14PH-CR01427-01 (Phelps County).[1] On November 3, 2016, prior to the revocation of his SES, plaintiff filed a petition for writ of habeas corpus in state court as a pretrial detainee, alleging the same issues he raises here. On February 16, 2018, the state court denied plaintiff's petition for writ of habeas corpus. *See Dayton v. State of Mo.*, No. 16PH-CV01675 (Phelps County). Plaintiff did not appeal this denial of his state court habeas motion, and therefore his claim is unexhausted.

In this action, plaintiff seeks monetary damages under § 1983 based on his allegation that his 54-day incarceration before his arraignment in state court was unconstitutional. He pled guilty to the crime, however, without raising this issue in state court. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Plaintiff's sentence or conviction has not been reversed, expunged, or called into question by the issuance of a writ of habeas corpus, and therefore he may not recover damages in this § 1983 action. The Court will therefore dismiss plaintiff's claim as frivolous under 28 U.S.C. § 1915(e)(2).

Even if the Court were to construe plaintiff's complaint as a motion for writ of habeas corpus under § 2254, plaintiff has not exhausted his state court remedies prior to pursuing them in federal court. *See Houston v. State of Mo.*, 4:13-CV-1242 AGF (E.D. Mo. Jul. 24, 2013),

---

[1] Plaintiff filed motions to dismiss for due process violations on October 19, 2016, October 20, 2016, October 28, 2016. These motions were heard and denied by the state court on October 29, 2016.

2013 WL 3852510, *1 n.1 (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)). Plaintiff raised this issue after his SES was revoked, and he was sentenced to four years imprisonment. Even then, he did not appeal the denial of his habeas motion or any of his motions to dismiss filed in the trial court. Liberally construing plaintiff's pro se compliant as a petition for writ of habeas corpus under § 2254, plaintiff's petition was not fully exhausted in state court, and therefore his § 2254 petition would be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 4]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of May, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE